**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES B. BELL | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 24 C 7615 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| STATE OF ILLINOIS, HON. THEODORE | ) | |
| JARZ, HON. ROGER RICKMON, JP | ) | |
| MORGAN ACQUISITION CORP., | ) | |
| COMMUNITY LOAN SERVICING, LLC f/k/a | ) | |
| BAYVIEW LOAN SERVICING, LLC, and | ) | |
| LINEAR MORTGAGE, LLC | ) | |
| | ) | |
| *Defendants.* | ) | |

### OPINION AND ORDER

Pending before the Court is Defendant, the State of Illinois, Defendant Honorable Theordore Jarz, and Defendant Honorable Roger Rickmon's (collectively, the "State Defendants") Motion to Dismiss. (Dkt. 61). Plaintiff James B. Bell alleges a host of grievances, related to the foreclosure of his residence that occurred nearly three years ago in the Circuit Court of Will County, Illinois, in his 12-count Amended Complaint. (Dkt. 58). Bell's Amended Complaint alleges violations by State Defendants, as well as non-State Defendants JP Morgan Acquisition Corporation, Community Loan Servicing Corporation (formerly known as Bayview Loan Servicing, L.L.C.), and Linear Mortgage, L.L.C. The State Defendants move to dismiss the suit based on the Court's lack of subject matter jurisdiction and Eleventh Amendment sovereign immunity. For the following reasons, the Court grants the State Defendants' Motion to Dismiss [61] Bell's Amended Complaint with prejudice.

## **BACKGROUND**

The following facts were taken from Bell's Amended Complaint, (Dkt. 58), except where noted. Bell brings these claims pursuant to Section 1983 of the Civil Rights Act, alleging that he is being deprived of the equal protection of the law and deprived of property without due process. Bell seeks to enjoin the State from enforcing a ruling made in the Circuit Court of Will County ("the Underlying Action"). The Underlying Action was brought by JP Morgan and Community Loan Servicing to foreclose on Bell's University Park, Illinois home. (Dkt. 62 at 2). Initially, summary judgment was entered in favor of the loan servicers, but this decision was reversed, in part, by the Illinois Court of Appeals, which vacated the entry of summary judgment and remanded the matter to the trial court to resolve issues of disputed fact. *JP Morgan Mortg. Acquisition Corp. v. Bell*, 162 N.E. 3d 334, 336 (Ill. App. Ct. 2020).

Defendants Judges Jarz and Rickmon both presided over the Underlying Action at various stages. (Dkt. 58 at 8). On July 12, 2022, Judge Jarz entered an order granting judgment in favor of the plaintiffs and approving a foreclosure sale of the subject-property. (Dkt 62-1 at 1) (Exhibit A, Judgment for Foreclosure and Sale). On September 5, 2023, Judge Rickmon entered an order approving the report of the sale and distribution and confirming the sale and possession. (Dkt. 62-2 at 1) (Exhibit B, Order Approving Report and Sale and Distribution). Thereafter, Defendant Linear, which was given ownership over the property, attempted to oust its occupier. (Dkt. 21 at 3).

Bell filed his initial Complaint on August 22, 2024. (Dkt. 1). Bell alleged that the September 2023 Will County Circuit Court Order was void because the state court lacked jurisdiction. (Dkt. 58 at 24). Specifically, Bell argued that the September 2023 Order was entered before there was jurisdiction to do so and that the loan services used fraudulent evidence to secure

2

the judgment in the underlying case. (*Id*. at 21, 35). As a result, Bell asked the Court to enjoin an eviction proceeding stemming from that Order. (*Id*. at 9). The State Defendants as well as Defendants Community Loan Servicing and Linear each moved to dismiss the initial Complaint. (Dkt. 17; Dkt. 21). Before the Court made any rulings on these motions to dismiss Bell's initial Complaint, on November 24, 2024, Bell filed an Amended Complaint. (Dkt. 61).

In his Amended Complaint, Bell lays out nearly identical allegations as in his original Complaint but adds a claim for civil conspiracy. Bell alleges that the State Defendants worked in concert to commit conspiracy resulting in the allegedly void September 2023 foreclosure Order. The State Defendants now, again, move to dismiss. (*Id*.)

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When, as here, a defendant makes a facial challenge to the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). However, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Burwell*, 770 F.3d at 588–89.

## DISCUSSION

The State Defendants argue that Bell's Complaint must be dismissed for two main reasons: that (i) the Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine because Bell's claims all arise from, and are targeted at, a state court judgment; and (ii) the Eleventh Amendment immunizes the State Defendants from Bell's lawsuit. (Dkt. 61 at 3). As explained

further below, Bell's claims must be dismissed for lack of jurisdiction under *Rooker–Feldman*. The Court therefore need not address the State Defendants' Eleventh Amendment arguments.

"The *Rooker–Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mains v. Citibank, N.A.,* 852 F.3d 669, 675 (7th Cir. 2017); *see also Brown v. Bowman,* 668 F.3d 437, 442 (7th Cir. 2012). "Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine" but "even federal claims that were not raised in state court, or that do not on their face require review of a state court's decision, may be subject to *Rooker–Feldman* if those claims are closely enough related to a state-court judgment." *Mains*, 852 F.3d at 675; *see also Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). As such, the question is "whether the federal plaintiff is alleging that his injury was caused by the state-court judgment," because "if the claim alleges an injury independent of the state-court judgment that the state court failed to remedy, *Rooker–Feldman* does not apply." *Mains,* 852 F.3d at 675. The rationale behind the *Rooker–Feldman* doctrine is that "no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown,* 668 F.3d at 442 (citation omitted). A state court litigant seeking review of a state court judgment, therefore, "must follow the appellate process through the state court system and then directly to the United States Supreme Court." *Kelley v. Med–1 Solutions, LLC,* 548 F.3d 600, 603 (7th Cir. 2008).

The *Rooker–Feldman* doctrine prevents the Court from exercising jurisdiction over Bell's claims. *Mains*, 852 F.3d at 765. Liberally construing Bell's Amended Complaint, Bell seeks judicial review over the state court's order regarding ownership of the property and the mortgagee's rights to foreclose and take possession of the property. (*See* Dkt. 58); (Dkt. 62-2 at

1). Regardless of the merits of Bell's claims of fraud or violation of his due process rights in the foreclosure proceedings, the specific injunctive relief he seeks (i.e., to halt the state court foreclosure) would necessarily require the Court to set aside that judgment, which is something the Court cannot do under *Rooker–Feldman. See generally Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) ("Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry."); *see also Banister v. S. Holland Police Dep't,* No. 16 C 10445, 2017 WL 2813660, at *4 (N.D. Ill. June 29, 2017) (noting that "*Rooker– Feldman* has been frequently applied to claims stemming from a state's foreclosure judgment").

When a Plaintiff seeks to challenge the order of a state court, even if he alleges that the state court did not have jurisdiction over him, he must do so in state court. *See e.g. Abrahamson v. Illinois Dept. of Financial and Professional Regulation*, 594 Fed. Appx. 307, 311 (7th Cir. 2014) (Court lacked subject matter jurisdiction over plaintiff's complaint that his medical license was denied by the Illinois Department of Financial and Professional Regulation ("IDFPR") under the *Rooker-Feldman* doctrine because plaintiff sought the very relief that the state court denied.) In *Abrahamson*, two state courts affirmed the denial of plaintiff's medical license by the IDFPR. Therefore, Plaintiff was seeking the very relief that was denied in the state court which would have required a federal court to vacate the state court's judgment—precisely what *Rooker–Feldman* prevents. *See id*. at 311 ("Illinois state courts were competent to determine their own jurisdictional boundaries, so there is no need for the federal courts to intervene. If a state court had violated constitutional jurisdictional limits, [plaintiff] could have brought that up with the Supreme Court after exhausting his state court remedies.").

Here, like in *Abrahamson*, enjoining enforcement of the September 2024 Order, pursuant to 42 U.S.C. § 1983, would require the Court to effectively vacate the state court's judgment. *Id*.

at 311. As in *Abrahamson*, the *Rooker–Feldman* doctrine deprives the Court of the jurisdictional hook required to hear the merits of the case.

This is true even for Bells' fraud claims. (Dkt. 58 at 35). The Seventh Circuit has rejected a fraud exception to *Rooker–Feldman.* Specifically, in the context of a foreclosure action in which a plaintiff argued that the *Rooker–Feldman* doctrine did not apply to fraud on the court or fraud during litigation, the Seventh Circuit stated that "[t]he *Rooker–Feldman* doctrine is concerned not with *why* a state court's judgment might be mistaken (fraud is one such reason; there are many others) but with *which federal court* is authorized to intervene." *Iqbal v. Patel,* 780 F.3d 728, 729 (7th Cir. 2015) (emphasis in original); *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 781 (7th Cir. 2024) ("*Rooker–Feldman* applies even where the federal plaintiff alleges that the state courts that injured her were corrupt."). Accordingly, there is no fraud exception to *Rooker–Feldman*.

Because all of Bell's claims relate to the state foreclosure order Bell alleges is void, *Rooker–Feldman* deprives the Court of jurisdiction to rule on any of his claims. *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) ("*Rooker–Feldman* will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment.") (citations omitted). Counts I–IV and VIII–IX concern Bell's due process rights in Illinois courts, (Dkt. 58 at 3–28, 45 –54); Counts V– VII deal with the merits Bell's claims in state court, (*Id*. at 29 –45); Count X concerns civil conspiracy. (*Id*. at 54). The Court may not address these claims because they are all dependent on the state court ruling. *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 390 (7th Cir. 2019) ("[t]he *Rooker–Feldman* bar is jurisdictional; violations of it cannot be waived and thus preclude a court from considering the merits of the claim.").

With respect to Bell's claims against the non-State Defendants, Bell's Amended Complaint is also dismissed with prejudice. Like Bell's claims against the State Defendants, Bell brings no claims against non-State Defendants, which are not "inextricably intertwined" with the state court judgment. (*See generally* Dkt. 58); *Bowman*, 668 F.3d at 442. Rather, Bell seeks to relitigate matters, which have been decided in state court. (Dkt 58). As with the State Defendants, because Bell's alleged injuries are associated with the state court judgment, the Court lacks subject matter jurisdiction to hear Bell's claims. *Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005) (determining that the court lacked subject matter jurisdiction because "absent the state court's judgment," the plaintiff would have no injury, which required redress.). Accordingly, Bell's claims against both State and non-State Defendants are dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [61] is granted with prejudice for lack of jurisdiction.

Virginia M. Kendall
United States District Judge

Date: February 27, 2025

7