THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES B. BELL | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 24 C 7615 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| STATE OF ILLINOIS, HON. THEODORE | ) | |
| JARZ, HON. ROGER RICKMON, JP | ) | |
| MORGAN ACQUISITION CORP., | ) | |
| COMMUNITY LOAN SERVICING, LLC f/k/a | ) | |
| BAYVIEW LOAN SERVICING, LLC, and | ) | |
| LINEAR MORTGAGE, LLC | ) | |
| | ) | |
| *Defendants*. | ) | |

## OPINION AND ORDER

Plaintiff James Bell moves for reconsideration of the Court's February 27, 2025 Opinion and Order (the "Opinion"). (Dkt. 79). In its Opinion, the Court granted, with prejudice, the motion to dismiss Bell's First Amended Complaint brought by the State of Illinois, Judge Roger Rickmon, and Judge Theodore Jarz (the "State Defendants"). (Dkt. 61). For the following reasons, Bell's Motion for Reconsideration [81] is granted in part and denied in part.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of the case and only discusses those relevant to the current Motion. This case arose from a foreclosure action brought by J.P. Morgan Mortgage Acquisition Corporation against Bell in the Circuit Court of Will County. (Dkt. 58 ¶ 8). Bell asserts that J.P. Morgan Mortgage Acquisition filed a false mortgage document with its original complaint against Bell. (*Id.* ¶¶ 75-82). In 2018, the Circuit Court of Will County entered summary judgment in favor of Community Loan Servicing (formerly Bayview Loan Servicing, LLC), who had been substituted as the plaintiff for J.P. Morgan Mortgage Acquisition. (*Id.* ¶ 9).

1

Bell's property was subsequently sold. (Dkt. 58 ¶ 10); (Ex. 1, Dkt 58-1 at 2). In July 2020, the Illinois Court of Appeals reversed the lower court's grant of summary judgment. (Dkt. 58 ¶12) (Ex. 2, Dkt. 58-1 at 17-18). Pursuant to an October 2020 Mandate from the Court of Appeals, the lower court was directed to vacate the judgment of foreclosure, the order requiring Bell's eviction, and the order confirming and approving the sale of his property. (Dkt. 58 ¶15); (Ex. 3, Dkt. 58-1 at 20-21). Bell contends that, following this Mandate, he had a right to have "all indicia of ownership, including title, returned to him." (Dkt. 58 ¶ 19). The lower court directed funds of the 2018 sale to be returned to Steven Cole but did not order any party to return title of the property to Bell. (*Id.* ¶ 15).

The case continued in the Circuit Court of Will County and, in July 2022, Judge Theodore Jarz granted judgment in favor of the loan servicers and approved a sale of Bell's property. (Dkt. 58 ¶ 96); (Ex. 24, Dkt. 58-1 at 131). Bell contends that, in doing so, Judge Jarz "knowingly gave judicial notice to a false, altered document . . . that was the product of an act of forgery." (Dkt. 58 ¶ 98). In May 2023, Linear Mortgage LLC moved to confirm a second sale of Bell's property. (*Id.* ¶ 31). Bell moved to dismiss that motion and filed an appeal with the Illinois Court of Appeals. (*Id.* ¶¶ 32-33). After the appeal was dismissed for lack of jurisdiction in August 2023, Linear Mortgage re-noticed its motion with the lower court. (*Id.* ¶¶ 35-37, 37). In September 2023, Judge Roger Rickmon approved and confirmed the second sale of Bell's property. (*Id.* ¶ 41); (Ex. 11, Dkt. 58-1 at 39-41). Defendant Linear Mortgage was given ownership of the property and sought to evict Bell. (Dkt. 58 at ¶¶ 44, 47). Bell asserts that the September 2023 Order was "void due to lack of jurisdiction" because it was entered during an automatic stay. (*Id.* ¶ 42).

In his First Amended Complaint ("FAC"), Bell brought claims under 42 U.S.C. § 1983 against the State Defendants for allegedly violating his due process and equal protection rights by

depriving him of his property through various court orders. (*Id.* ¶¶ 23, 50-51, 103-06, 122-24, 200-01, 221-25). He alleged that Judge Jarz and Judge Rickmon violated his constitutional rights by failing to return his property title to him as required by the October 2020 Mandate and entering the "void" September 2023 Order confirming the second sale of his property. (*Id.* ¶¶ 23-29, 51-58). Bell also asserted state law fraud, conspiracy, and breach of contract claims against J.P. Morgan Mortgage Acquisition, Community Loan Servicing, and Linear Mortgage ("Non-State Defendants") relating to the foreclosure action brought against him. (*Id.* ¶127-35, 136-75; 177-88). Finally, he alleged that all Defendants conspired to deprive him of his property. (*Id.* ¶¶ 231-35). Bell requested damages, declaratory relief, and injunctive relief, including: (1) declaring the September 2023 Order as void; (2) enjoining the State Defendants from enforcing the September 2023 Order; (3) declaring that Bell has a right to the title the at-issue property; and (4) requiring the State Defendants to enter an order redacting any titles that cloud his right to his property. (*Id.* at 61-63).

All Defendants moved to dismiss Bell's claims[1]. (Dkt. 21); (Dkt. 61). After briefing on the State Defendants' motion to dismiss was complete, Bell requested leave from the Court to file a Second Amended Complaint ("SAC"). (Dkt. 76). Before ruling on that request, the Court dismissed Bell's FAC for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. (Dkt. 79). The Court found that Bell was seeking judicial review of the state court's order regarding ownership of the at-issue property and the Non-State Defendants' rights to foreclose and take possession of that property. (*Id.* at 4). It held that the relief Bell sought—to halt the state court foreclosure—would require the Court to set aside a state court judgment, which is prohibited under

---

[1] Defendants Linear Mortgage and Community Loan Servicing, joined by Defendant J.P. Morgan Mortgage Acquisition, moved to dismiss Bell's Original Complaint. (Dkt. 21); (Dkt. 31). After the Motion was fully briefed, Bell filed his FAC. (Dkt. 58). The Non-State Defendants did not file a renewed motion to dismiss.

the *Rooker-Feldman* doctrine. (*Id.* at 5). The Court further held that it did not have jurisdiction over any of Bell's claims pursuant to the *Rooker-Feldman* doctrine because they all related to the state court order confirming the second sale of the property. (*Id.* at 6). Finally, it held that there is no fraud exception to the *Rooker-Feldman* doctrine that could save Bell's fraud claims. (*Id.* at 6). Bell now moves to alter or amend this judgment under Federal Rule of Civil Procedure 59. (Dkt. 81).

## LEGAL STANDARD

A party may move the Court to alter or amend a judgment within 28 days of entry under Federal Rule of Civil Procedure 59(e). Motions to alter or amend a judgment under Rule 59(e) are routinely referred to as motions for reconsideration. Rule 59(e) provides a narrow and extraordinary remedy, with the moving party bearing a heavy burden. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022); *see also Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013). A motion for reconsideration is not a vehicle for rehashing lost arguments or advancing theories or evidence that should have come out before the Court entered final judgment. *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). "To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact."). A manifest error is "not demonstrated by the disappointment of the losing party." *Oto*, 224 F.3d at 606. Rather, such an error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015).

4

## DISCUSSION

Bell argues that the Court misapplied the *Rooker-Feldman* doctrine and that his claims are not barred as the Court concluded. (Dkt. 81 at 13). Because Bell does not present any newly discovered evidence or establish a manifest error of law or fact, he does not meet the high burden under Rule 59(e). *See, e.g., Burritt*, 807 F.3d at 253.

First, Bell asserts that the Court ignored facts relating to the October 2020 Mandate in its *Rooker-Feldman* analysis. (Dkt. 81 at 6). This is incorrect. After reviewing the procedural history of the state court case, including the Illinois Court of Appeals' decision in 2020, the Court acknowledged that Bell was seeking judicial review over the state court's order regarding ownership of the at-issue property and the Non-State Defendants' rights to foreclose and take possession of the property. (Dkt. 79 at 2-4). Bell may disagree with the Court's analysis of the facts, but this is not grounds for reconsideration. *See, e.g., Heyer v. Pierce & Assocs., P.C*, 2017 WL 2404978, at *4 (N.D. Ill. June 2, 2017) (disagreement with the court's reasoning "is not a basis for granting a motion to reconsider").

The Court also addressed Bell's claims relating to the October 2020 Mandate when it dismissed Count I of the FAC. (Dkt. 79 at 6). The Court correctly held that the *Rooker-Feldman* doctrine deprived the Court of jurisdiction over all of Bell's claims, including Count I, because they were all related to the allegedly void September 2023 Order. (*Id.*). Bell argues, without support, that the issues relating to the title of his property and the second sale of his property are unrelated. (Dkt. 81 at 6). In his FAC, Bell asked the Court to declare that he has title to the at-issue property and instruct the State Defendants to redact any other titles clouding his ownership. (Dkt. 58 at 62). The Court correctly held that it cannot do this without vacating the September 2023 Order, which confirmed the sale of the property. The Court considered all facts Bell put forth; Bell

is just unhappy with its conclusion. This is not an adequate basis for reconsideration. *See, e.g.,*
*Swanigan v. Trotter*, No. 07 C 4749, 2013 WL 1114115, at *1 (N.D. Ill. Mar. 18, 2013) ("It is
inappropriate for the Plaintiff to file a motion for reconsideration merely because he disagrees with
the Court.").

Next, Bell argues that the *Rooker-Feldman* doctrine does not bar jurisdiction over his FAC
because the alleged constitutional violations resulted from the State Defendants' failure to return
the title of his property to him following the October 2020 Mandate, not from entry of the
September 2023 Order. (Dkt. 81 at 6-8, 10-13). Because of this, Bell argues, the Court does not
need to review the September 2023 Order to decide his claims. (*Id.*). This directly contradicts with
what Bell asserted and sought in his FAC. In his complaint, Bell argued that the State Defendants
violated his constitutional rights by entering the allegedly void September 2023 Order confirming
the second sale of the at-issue property. (Dkt. 58 ¶¶ 30-38). He asked the Court to declare the
September 2023 Order as void and enjoin its enforcement. (*Id.* at 61-62). Bell is now claiming the
Court does not have to review the exact order that he initially claimed was unconstitutional and
asked the Court to vacate. (Dkt. 81 at 13). This is a new argument, and it is improper to raise new
arguments and theories on a motion for reconsideration. *See Barrington Music Prods., Inc. v.*
*Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) ("Rule 59(e) does not allow a party to
"advance arguments that could and should have been presented to the district court prior to
judgment.").

Finally, in support of his assertion that the Court's application of the *Rooker-Feldman*
doctrine was a manifest error, Bell cites *Nesses v. Shepard*, 68 F. 3d 1003 (7th Cir. 1995), which
references a corruption exception to the doctrine. (Dkt. 81 at 12). But, as the Court pointed out in
its Opinion, the Seventh Circuit no longer recognizes such an exception. *See Hadzi-Tanovic v.*

*Johnson*, 62 F.4th 394, 402 (7th Cir. 2023). Not only does Bell improperly rely on overturned precedent, but he is attempting to relitigate an issue the Court already decided. Bell cannot use a motion for reconsideration to rehash previously rejected arguments. *See, e.g., Givens v. Vaughn*, 2021 WL 3661206, at *3 (7th Cir. Aug. 18, 2021).

Bell also argues that the Court erred by granting the State Defendants' motion to dismiss based on his First Amended Complaint instead of his Second Amended Complaint. (Dkt. 81 at 8-10). He incorrectly asserts that the FAC was "no longer of record" and had no legal effect. (*Id.* at 10). A plaintiff is entitled to amend their complaint once as a matter of right and can seek further amendment at the district court's discretion. Fed. R. Civ. P. 15(a); *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 781 (7th Cir. 2016). Courts may deny a plaintiff leave to amend when there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 432 (7th Cir. 2009). The Court did not grant Bell leave to amend a second time, so it did not err in considering the FAC as the operative complaint when deciding the State Defendants' motion to dismiss.

The Court dismissed the FAC with prejudice for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine without addressing Bell's request for leave to amend. (Dkt. 79 at 7). Dismissal with prejudice functions as the denial of leave to amend. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 207 (2025) ("The District Court dismissed the complaint with prejudice and so denied leave to amend"). A court may dismiss a complaint with prejudice "where it is clear that the defect cannot be corrected so that amendment is futile." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Bell's motion for leave to amend a second time indicates that his SAC would modify his fraud claim against all Defendants

and add a new claim of unjust enrichment. (Dkt. 76 at 2). Bell also added one fact—that he was evicted from his home in February 2024 as the result of orders entered by Judge Rickmon and Judge Jarz. (*Id.*). Because the *Rooker-Feldman* doctrine would still bar jurisdiction over Bell's claims regardless of these changes, the Court did not err in its conclusion that further amendment would be futile.

The Court should have, however, dismissed the FAC without prejudice and separately denied Bell leave to amend. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438–39 (7th Cir. 2004) ("When the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction. A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits."); *see also MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.,* 935 F.3d 573, 582 (7th Cir. 2019) (dismissing without prejudice and denying leave to amend is appropriate where the court lacks jurisdiction). While this Court does not have jurisdiction over Bell's claims, he may address them in state court. Accordingly, the Court amends its judgment to reflect that Bell's FAC is dismissed without prejudice [58]. The Court also denies Bell's request for leave to amend his complaint again. [76].

## **CONCLUSION**

For the reasons set forth above, the Court grants in part and denies in part Bell's Motion for Reconsideration [81]. Bell's claims remain dismissed.

Virginia M. Kendall
United States District Judge

Date: December 8, 2025